Filed 6/15/26  P. v. Rodriguez CA3

<u>NOT TO BE PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>ROBERT RODRIGUEZ,<br><br>　　　Defendant and Appellant. | C102999<br><br>(Super. Ct. No. 07F02608) |

A jury found defendant Robert Rodriguez guilty of second degree murder.  The trial court found true allegations that defendant had two prior convictions that qualified as strikes under the "Three Strikes" law and as prior serious felonies, and found true a prior prison term enhancement.  The trial court sentenced defendant to 45 years to life plus 11 years in state prison.  In 2023, pursuant to Penal Code section 1172.75, the trial court recalled defendant's sentence to strike his prior prison term enhancement.[1]  Defendant further moved the trial court to dismiss his prior serious felonies pursuant to section 1385, subdivision (c) and his prior strike convictions pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) and section 1385.  He now appeals from

---

[1]  Undesignated statutory references are to the Penal Code.

1

the resentencing, arguing the trial court erred in denying his *Romero* motion and in reimposing his restitution fine. We affirm.

## I. BACKGROUND

Defendant killed his prison cellmate, who had killed his brother 11 years prior. Defendant repeatedly stabbed the victim to death, hogtied him, and left him in a bunk with a blanket over his head.[2] A jury found defendant guilty of second degree murder (§ 187, subd. (a)). In a bifurcated proceeding, the trial court found true defendant's 1993 and 1995 prior convictions for robbery (§ 211) with firearm enhancements (§§ 12022, subd. (a), 12022.5, subd. (a)) as prior strike convictions (§§ 667, subds. (b)-(i), 1170.12) and as prior serious felonies (§ 667, subd. (a)), and defendant's prior conviction for battery by a prisoner on a non-inmate (§ 4501.5) as a prior prison term (§ 667.5, former subd. (b)). The trial court sentenced defendant to 11 years (two 5-year terms for the prior serious felonies plus one year for the prior prison term) consecutive to 45 years to life (15 years to life tripled under the Three Strikes law) in prison. It imposed fines and fees, including a $200 restitution fine (§ 1202.4) and imposed and stayed an identical parole revocation fine (§ 1202.45).

In September 2023, the Department of Corrections and Rehabilitation identified defendant as someone eligible for resentencing pursuant to section 1172.75.[3] In addition to seeking to dismiss his one-year prior prison term enhancement and two 5-year prior

---

[2] On the court's own motion, we incorporate by reference our unpublished opinion in defendant's prior appeal in *People v. Rodriguez* (Feb. 15, 2013, C070026) [nonpub. opn.]. (See Cal. Rules of Court, rule 8.147(b).)

[3] Effective January 1, 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) added section 1172.75 (formerly § 1171.1) (Stats. 2022, ch. 58, § 12, eff. June 30, 2022), which requires that, subject to certain inapplicable exceptions, for any judgment including a prior prison term enhancement pursuant to section 667.5, former subdivision (b), the trial court shall recall the sentence and resentence the defendant.

serious felony enhancements, defendant requested the trial court strike his prior strike. Defendant asserted his age and his rehabilitative efforts while incarcerated, including recovery programs and job and educational training, placed him outside the spirit of the Three Strikes law. Defendant attached certificates of achievement and completion in rehabilitative and educational courses to his resentencing brief.

In response, the People agreed defendant's prior prison term enhancements under section 667.5, former subdivision (b) should be dismissed. The People argued the facts underlying defendant's current offense and his prior strike offenses did not support deeming defendant to be outside the spirit of the Three Strikes law. Defendant's strike offenses were for armed robberies in 1992 and 1995, both of which involved use of deadly weapons. Ten years later, defendant committed the murder underlying his current conviction while incarcerated for his second strike. The People acknowledged defendant's rehabilitative efforts but argued those efforts did not negate the facts of the current offense or defendant's continued disciplinary record. The People summarized defendant's disciplinary history. Given the violent nature of his past and current offenses, regardless of his current prospects, defendant remained a threat to public safety such that striking his prior strikes would not be in the furtherance of justice.

After reviewing the parties' briefs and the probation memorandum, which recommended striking the one-year prior prison term enhancement and imposing a sentence of 10 years plus 45 years to life, the trial court heard argument on defendant's *Romero* motion. Defense counsel noted defendant had served 28 years in custody and was now a 51-year-old father and grandfather. Defense counsel then reiterated points made in his motion, including that defendant had completed various programs, worked as a porter, and had saved a CDCR's employee's life. As to defendant's rule violations, defense counsel asserted some violations occurred because defendant acted in self-defense. Defense counsel further argued that defendant's prior strikes were over 10 years old, and he had demonstrated his ability to be rehabilitated.

The trial court indicated it intended to decline defendant's *Romero* motion but was considering, under section 1385, subdivision (c), striking the two 5-year prior serious felony enhancements, giving great weight to the fact there were multiple enhancements in this case, the underlying convictions were over five years old, and defendant was serving a 45-year-to-life sentence. The People argued against striking the enhancements, stating defendant had been incarcerated most of his life but had failed to be rehabilitated and continued to commit new offenses while incarcerated.

The trial court denied defendant's *Romero* motion, finding that he did not fall outside the spirit of the Three Strikes law. It recognized the unfortunate circumstance that defendant had been housed with his brother's murderer but nonetheless found the viciousness of the murder "striking," "extremely brutal," and "analogous to torture." It noted that defendant was 24 years old at the time of the crime, that he had participated in various programs while incarcerated, and that defendant had performed the Heimlich on a CDCR employee. The trial court found that defendant had numerous rule violations, noting, however, that sometimes it is difficult not to be written up for fighting in prison when consequences of not fighting may be "unacceptable sometimes," and found that he committed the current offense while incarcerated for his second strike conviction. Noting its discretion to strike a prior strike, the trial court declined to do so, considering defendant's past circumstances and future prospects under *Williams*[4] and *Romero*.

The trial court reimposed defendant's sentence of 45 years to life (15 years to life tripled under the Three Strikes law) for murder. It struck the one-year prior prison term enhancement and the two 5-year prior serious felony enhancements, finding defendant did not pose a danger to public safety. In so doing, the trial court gave great weight under section 1385, subdivision (c) to the fact that there were multiple enhancements in this

---

[4] *People v. Williams* (1998) 17 Cal.4th 148 (*Williams*).

case and found the underlying conviction was over five years old, defendant had improving prospects, and defendant had already been sentenced to 45 years to life. The trial court reimposed the original fines and fees, including the $200 restitution fine (§ 1202.4) and the identical stayed parole revocation fine (§ 1202.45).

Defendant timely appealed.

## II.  DISCUSSION

*A.*     *The Trial Court Properly Denied Defendant's* Romero *Motion*

Defendant's challenge to the trial court's denial of his *Romero* motion is twofold: (1) the trial court abused its discretion by failing to consider and adequately weigh relevant mitigating factors; and (2) the trial court failed to give great weight to the mitigating factors pursuant to section 1385, subdivision (c). We disagree and affirm.

*1.*     *Abuse of Discretion*

Under section 1385, subdivision (a) the trial court has the power to "strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony." (*Williams, supra*, 17 Cal.4th at p. 158.) The essential question the trial court must answer when considering a motion to dismiss a prior strike allegation is whether defendant falls outside the spirit of the Three Strikes law. (*Id.* at p. 161.) In answering that question, the court considers: (1) the nature and circumstances of the current felony; (2) the nature and circumstances of the prior strike offenses; and (3) the particulars of a defendant's background, character, and prospects for the future. (*Ibid.*) In the absence of an affirmative record to the contrary, we presume the trial court considered all relevant factors. (*People v. Carmony* (2004) 33 Cal.4th 367, 378.)

We review a trial court's refusal to dismiss a prior strike conviction for abuse of discretion. (*People v. Carmony, supra*, 33 Cal.4th 367, 374.) We do not reverse a trial court's exercise of discretion just " ' "because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the

5

judgment of the trial judge.' " " ' " (*Id.* at p. 377.) Rather, a trial court abuses its discretion only when "its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Ibid.*) "Where the record is silent [citation], or '[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.' " (*Id.* at p. 378.)

Here, the record shows the trial court understood the applicable law and its discretion to strike a prior strike when it denied defendant's motion. In deciding the motion, the trial court considered the parties' briefs and the probation memorandum and considered relevant factors. Addressing the circumstances of the current felony, the trial court noted the vicious and torturous nature of the offense. It also reviewed defendant's background, character, and prospects, including his age at the time of the offense, his rehabilitative efforts in prison, and his life-saving assistance to a CDCR employee. The trial court also carefully assessed defendant's rule violations while incarcerated, even noting the reality of having to fight to protect oneself in prison. However, considering defendant's past circumstances and future prospects under *Williams* and *Romero*, the trial court declined to grant defendant's *Romero* motion, finding defendant was not outside the spirit of the Three Strikes law. On this record, we conclude the trial court properly considered and weighed the relevant mitigating factors and therefore did not abuse its discretion.

### 2. Senate Bill No. 81

As defendant acknowledges, his argument that the trial court should have applied section 1385, subdivision (c)'s "great weight" presumption to its *Romero* analysis falls afoul of this court's decision in *People v. Burke* (2023) 89 Cal.App.5th 237 (*Burke*).

Section 1385, subdivision (c)(1), as amended by Senate Bill No. 81 (Stats. 2021, ch. 721, §1), provides: "Notwithstanding any other law, the court shall dismiss an *enhancement* if it is in the furtherance of justice to do so, except if dismissal of that

6

*enhancement* is prohibited by any initiative statute." (Italics added.) We held in *Burke*: "Subdivision (c) of section 1385 expressly applies to the dismissal of an 'enhancement.' [Citation.] 'Ordinarily words used in a statute are presumed to be used in accordance with their established legal or technical meaning.' [Citation.] The term 'enhancement' has a well-established technical meaning in California law. [Citation.] 'A sentence enhancement is "an additional term of imprisonment added to the base term." ' [Citations.] It is equally well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense. [Citations.] We presume the Legislature was aware of, and acquiesced in, both this established judicial definition of enhancement and the distinction between an enhancement and an alternative sentencing scheme such as the Three Strikes law. [Citation.] The Legislature did not otherwise define the word 'enhancement' in section 1385. Because the statutory language is clear and unambiguous, we follow its plain meaning and do not consider the legislative history cited by defendant. [Citation.] The plain language of subdivision (c) of section 1385 applies only to an 'enhancement,' and the Three Strikes law is not an enhancement. We therefore conclude that section 1385, subdivision (c)'s provisions regarding enhancements do not apply to the Three Strikes law." (*Burke, supra*, 89 Cal.App.5th at pp. 243-244, fn. omitted; accord *People v. Olay* (2023) 98 Cal.App.5th 60, 65-66 [agreeing with *Burke* that section 1385, subdivision (c) does not apply to the Three Strikes law].)

Defendant urges us to reconsider *Burke* and apply section 1385, subdivision (c) to the Three Strikes Law. We decline to do so. Defendant's statutory interpretation arguments are answered in the paragraph from *Burke* quoted above. Nor are we swayed by defendant's argument that we should reconsider our decision in *Burke* due to the disparity between "the trial court's application of two different 'furtherance of justice' standards to two similar components of the same sentence." The trial court's denial of defendant's *Romero* motion and dismissal of his two 5-year prior serious felony

7

enhancements demonstrates the trial court thoughtfully exercised its discretion in applying the applicable legal standards as to each inquiry before it. Indeed, as the People argue, this "reflects substantial discretion afforded in [defendant's] favor."

B.      *Defendant's Request to Strike His Restitution Fine is Moot*

Defendant contends the remaining balance of his section 1202.4 restitution fine must be stricken under section 1465.9 as more than 10 years have passed since its imposition. The People assert that defendant's restitution fine has already been vacated. Defendant does not dispute this. We agree with the People that defendant has already received the relief he requests and therefore dismiss this portion of his appeal as moot.

The appeal is moot as to defendant's claim that his section 1202.4 restitution fine be stricken under section 1465.9. " '[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief.' " (*People v. Armas* (2024) 107 Cal.App.5th 350, 353.) Actions originally " ' "based upon a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed." ' " (*Ibid.*) Section 1465.9, subdivision (d) provides: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated."

Over 10 years ago, on December 9, 2011, defendant's restitution fine was imposed. On January 12, 2026, defendant sought relief in the trial court under section 1465.9. On February 11, 2026, the trial court granted his request and issued a corrected abstract of judgment. Accordingly, the portion of defendant's appeal seeking to vacate his restitution fine is therefore moot and subject to dismissal. (*People v. Armas, supra*, 107 Cal.App.5th at p. 353.)

## III.  DISPOSITION

The judgment is affirmed.

/S/
RENNER, J.

We concur:

/S/
EARL, P. J.

/S/
FEINBERG, J.

9